IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charlene M. Marsh, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>City of Chicago, et al., )<br>)<br>Defendants. ) | Case No. 23 C 6104<br><br>Hon. Jorge L. Alonso |

**MEMORANDUM OPINION AND ORDER**

Defendants City of Chicago (the "City"), Judith Frydland, Grant Ullrich, Matthew Beaudet, and Bryan Esenberg (together with the City, the "City Defendants") have filed a motion to dismiss pursuant to Rules 12(b)(1), 4(m), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"). (ECF No. 20.) For the reasons that follow, the Court grants the Motion pursuant to Rule (b)(1) for lack of subject matter jurisdiction.

**Background[1]**

The City Defendants move in part under Rule 12(b)(1), which challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Typically, on a Rule 12(b)(1) motion, courts "read a complaint liberally and accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations." *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (citation and internal punctuation omitted). However, in considering a factual Rule 12(b)(1) challenge, the court may look beyond the pleadings and consider competent evidence. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th

---

[1] The following facts are taken from the amended complaint (ECF No. 19) and, for the purposes of this Motion, assumed as true unless stated otherwise.

1

Cir. 2009) ("[T]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists[.]"). "Once such evidence is offered, . . . the plaintiff bears the burden of coming forward with competent proof that jurisdiction exists." *Id*. (internal quotations omitted). In accordance with this authority, unless otherwise noted, the following facts are taken from the amended complaint (ECF No. 19) and are assumed true for the purposes of this Motion at this stage of the proceedings.

Plaintiff Charlene Marsh ("Plaintiff") is the principal officer of Notre Dame Affordable Housing, Inc. ("NDAH"), a non-for-profit corporation with the mission to provide housing and rehabilitation services to veterans. This case concerns the demolition of buildings located at 7954–7958 Halsted Street and 808–810 West 80th Street, Chicago ("the Subject Properties"), sometime after December 11, 2017, by the City. Plaintiff alleges that her friend, Leroy Singleton ("Leroy"), together with his brothers James and Leonard Singleton, owned the Subject Properties prior to June 3, 2014. The Singleton brothers allegedly took out a mortgage from LaSalle Bank that was paid off in 1995. The Subject Properties were conveyed at some point to LaSalle National Bank to be held in trust.

On June 3, 2014, Leroy attempted to transfer all his interest in the Subject Properties to NDAH by quitclaim deed ("Quitclaim Deed"), which Plaintiff attaches to her complaint. Plaintiff alleges that NDAH is the current owner of the Subject Properties.[2] Plaintiff intended to refurbish the buildings ("Subject Buildings") located in the Subject Properties for residential use to provide housing for veterans. To that end, Plaintiff alleges that she paid $25,000 toward past

---

[2] Although Plaintiff also alleges that she "has owned the building since June 3rd, 2014" based on the Quitclaim Deed, the Quitclaim Deed that Plaintiff attaches to the amended complaint identifies NDAH as the Grantee and that Plaintiff "prepared" the Quitclaim Deed.

property taxes for the Subject Properties, updated Leroy's apartment in the Subject Buildings, raised $500,000 for renovations, and had hired contractors to begin the renovations at the time of the demolition.

On December 11, 2017, the City demolished the Subject Buildings. On October 6, 2017, the City had inspected the Subject Buildings and found violations of the municipal code affecting public health, safety, and welfare. Plaintiff did not receive notice of the demolition, although LaSalle National Bank did receive notice. Leroy, who was living in the Subject Buildings at the time, was given only ten minutes to gather his possessions and vacate the building; many of his historically significant possessions were destroyed. After learning of the demolition, Plaintiff filed a claim for compensation with the City's Law Department. Plaintiff filed this lawsuit on March 6, 2023, asserting claims against the City Defendants for taking of property without just compensation and due process in violation of the United States Constitution. (Am. Compl. 10, ECF No. 19.).

This is not the first lawsuit Marsh has filed regarding the demolition of the Subject Properties. Prior to this case, Plaintiff and NDAH brought claims arising from the same demolition event against the City and various associated entities. *See Notre Dame Affordable Housing, Inc. v. City of Chicago*, 18-CV-8116, 2020 WL 8366412 (N.D. Ill. Feb. 14, 2020) (Norgle, J.) (hereafter "*Chicago I*"). There, the district court granted the defendants' motion to dismiss under Rule 12(b)(1) for lack of jurisdiction, finding that Plaintiff and NDAH failed to show that either had any legal interest in the Subject Properties and therefore lacked standing to sue. *Id*. at *1. The case was dismissed without prejudice and terminated. *Id.* The Seventh Circuit agreed and affirmed on appeal, holding that Plaintiff and NDAH failed to demonstrate requisite injury in fact to establish Article III standing to bring claims against the City, including a takings

3

claim and violation of substantive due process. *Notre Dame Affordable Hous., Inc. v. City of Chicago*, 838 Fed. App'x. 188 (7th Cir. 2020).

## Legal Standard

Where, as here, a defendant moves to dismiss a claim under multiple 12(b) motions, the court must first address the jurisdictional challenges. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (courts should not skip over jurisdictional issues in order to reach the merits); *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) (finding that when movant sought dismissal under 12(b)(1) and 12(b)(6), it was error for the district court to dismiss under 12(b)(6) without assessing the 12(b)(1) challenge).

A motion pursuant to Rule 12(b)(1) is used to dismiss a claim based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In order to bring a particular suit before the district court, a plaintiff must have standing under Article III of the Constitution, *see* U.S. Const. art. III, § 2, meaning a direct stake in the outcome of the suit. *Hollingsworth v. Perry*, 570 U.S. 693 (2013). To have standing, a plaintiff must seek relief for an injury that affects her in a personal and individual way. *Id*. A Rule 12(b)(1) motion is the appropriate vehicle when a defendant seeks dismissal of a claim due for lack of standing—a jurisdictional issue. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 277 (7th Cir. 2020).

Prudential standing may further limit a court's exercise of jurisdiction even when constitutional standing is established. *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012). In general, "plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties." *Id*. (citations omitted). A principal or president of a corporation is distinct from the corporation with respect to their legal interests and rights. *See United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). A

principal of a corporation cannot litigate the corporation's claims in a federal court unless it is represented by a lawyer licensed to practice in that court. *Id*.

In adjudicating a motion under Rule 12(b)(1), a court must treat all allegations in the complaint as true. *See Bazile*, 983 F.3d at 278. However, when a defendant presents evidence that undermines the factual basis of a plaintiff's standing, the general presumption that the plaintiff's allegations are true falls away. *Id.* When such factual challenge is made, the plaintiff bears the burden of proving the facts supporting standing. *Id*.

Although a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is a dismissal without prejudice, the jurisdictional ruling itself will be given preclusive effect and may not be relitigated subsequently under the doctrine of issue preclusion. *See Hill v. Potter*, 352 F. 3d 1142, 1146 (7th Cir. 2003) (plaintiff was barred from relitigating the district court's previous finding that the court lacked subject matter jurisdiction). Courts may raise issue preclusion *sua sponte* in the interest of judicial economy. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996).

## Discussion

City Defendants raise several grounds for dismissal including arguments based on timeliness, standing, and res judicata. (Mot. Dismiss Am. Compl. 1, ECF No. 20.) The Court starts with the jurisdictional issues, *see Steel*, 523 U.S. at 93, which are ultimately dispositive.

First, even assuming all allegations in the amended complaint are true and making all inferences in Plaintiff's favor, Plaintiff lacks prudential standing to litigate this suit. Plaintiff alleges that NDAH, a non-profit corporation, is the owner of the Subject Properties, and that Plaintiff is the principal of NDAH. Even if, as principal, Plaintiff controls NDAH, the two are not the same and have distinct legal identities. *See Williams v. Bd. of Educ. of Chicago*, 506 Fed.

5

App'x. 517 (7th Cir. 2013). Rather, Plaintiff's takings and due process claims are based entirely on *NDAH's* alleged legal interests in the Subject Properties. *See Notre Dame Affordable Hous.*, 838 F. App'x at 191 ("Without an interest in the property, plaintiffs cannot maintain an injury from the City's demolition of a building on that land."); *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 736 (7th Cir. 2020) (takings and due process claims require showing a private property interest in the subject property). It is NDAH, not Plaintiff, that has allegedly suffered the injuries of which Plaintiff complains. But NDAH is not a plaintiff in the operative complaint. (Am. Compl., ECF No. 19.) And Plaintiff could not represent NDAH in this lawsuit; in federal court, a corporation must be represented by a licensed attorney. *See Williams*, 506 Fed. App'x. at 519. Therefore, even if the Court takes Plaintiff's allegation that NDAH is the owner of the Subject Properties as true, NDAH is the true party in interest and Plaintiff lacks prudential standing. Plaintiff's amended complaint is accordingly dismissed.

Second, Plaintiff's amended complaint must be dismissed for an alternative reason: the district court in *Chicago I* already determined that Plaintiff and NDAH lacked Article III standing to bring the same claims as those brought in the current suit. *See Chicago I*, 2020 WL 8366412, at *2. The Seventh Circuit agreed and affirmed. *Notre Dame Affordable Hous.*, 838 Fed. App'x. at 188. That holding is preclusive in the present case.

A "ruling on standing . . . has a preclusive effect with respect to the facts determined by that ruling." *United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 652 (7th Cir. 2013); *see also Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) ("A dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue."). The factual allegations in the operative complaint in this case are materially identical to those

6

brought in *Chicago I*. Both cases assert takings and due process claims.[3] In both cases, the defendants challenge Plaintiff's allegations of ownership over the Subject Properties. Therefore, to establish standing in both suits, Plaintiff needed to establish her legal interest in the Subject Properties. Here, Plaintiff submitted the Quitclaim Deed showing that Leroy transferred his interest in the Subject Properties to NDAH—the same Quitclaim Deed that was analyzed in *Chicago I*. 2020 WL 8366412, at *2. The defendants in *Chicago I* submitted the chain of title obtained from the Cook County property records office showing that Leroy had no legal interest in the Subject Properties to begin with. *Id* at *3. The district court consequently found that the Quitclaim Deed did not transfer any interest in the Subject Properties to NDAH and so NDAH and Plaintiff lacked standing to bring the suit. *Id*. The Seventh Circuit agreed and affirmed. *Notre Dame Affordable Hous.*, 838 Fed. App'x. at 191. The Seventh Circuit noted that Plaintiff was twice granted leave to amend her complaint and had the opportunity to present her own evidence countering the defendant's factual challenge or argue standing on some other grounds, but she nonetheless failed to carry her burden. *Id*. at 189.

Plaintiff may not circumvent the preclusive effect of the previous ruling by now pleading facts that were or could have been raised before the district court in the prior case. *See Perry*, 222 F.3d at 318 ("Where a prior suit is dismissed for lack of jurisdiction, the inclusion of additional factual allegations on the jurisdictional issue will not avoid issue preclusion when those facts were available at the time the original complaint was filed. Only facts arising after the complaint was dismissed—or at least after the final opportunity to present the facts to the court—can operate to defeat the bar of issue preclusion."); *Magnus Electronics, Inc. v. La Republica*

---

[3] In both the prior and present suit, Plaintiff made various constitutional claims based on racial discrimination, as well as taking and due process claims under the Fifth and Fourteenth Amendment, respectively.

*Argentina*, 830 F.2d 1396, 1401 (7th Cir. 1987) ("Under a system such as that established by the Federal Rules of Civil Procedure, which permits liberal amendment of pleadings, it does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements."). Plaintiff is precluded from relitigating the same standing argument as in *Chicago I* and her amended complaint is dismissed in the alternative for this reason. Because the Court finds that it lacks jurisdiction, it will not address the City Defendant's additional arguments for dismissal.

## Conclusion

Defendant's Motion to Dismiss [20] is granted under Rule 12(b)(1) and the case is dismissed without prejudice for lack of subject matter jurisdiction. The remaining pending motions [39] [40] [43] are denied as moot. Plaintiff may file an amended complaint by September 6, 2024. Failure to file an amended complaint by September 6, 2024, will result in dismissal of this action.

SO ORDERED. ENTERED: August 12, 2024

_____
**HON. JORGE ALONSO**
**United States District Judge**