UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Leroy Singleton and Notre Dame Affordable Housing, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 23 C 6104 |
| v. | ) ) | Hon. Jorge L. Alonso |
| City of Chicago, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants City of Chicago, Judith Frydland, Grant Ullrich, Matthew Beaudet, Bryan Esenberg, Marlene Hopkins, and David Moore have filed a motion to dismiss Plaintiffs Leroy Singleton and Notre Dame Affordable Housing's ("NDAH")[1] second amended complaint pursuant to Rules 4(m), 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 48.) For the reasons that follow, the Court grants Defendants' motion [48] under Rule 12(b)(1) and dismisses Plaintiffs' second amended complaint. Accordingly, the Court does not reach Defendants' remaining arguments. Plaintiffs' motion for extension of time to respond is granted. [50]

**Background**

The Court assumes familiarity with the background of this dispute as set forth in the Court's previous order granting Defendants' motion to dismiss, (ECF No. 44), and provides the factual

---

[1] This action was originally filed by Charlene Marsh. (ECF No. 1.) After the Court granted Defendants' motion to dismiss her amended complaint, Plaintiffs filed a second amended complaint with Leroy Singleton and NDAH as Plaintiffs, but not Marsh. (ECF No. 46.) Because the Court dismisses the complaint under Rule 12(b)(1), it does not reach whether this substitution of parties without leave of the Court is proper and refers to Singleton and NDAH as Plaintiffs in the caption and throughout this opinion for ease of reference.

background from Plaintiffs' second amended complaint only as relevant to the instant motion. Plaintiff Leroy Singleton possessed a fee simple ownership interest in 7954 S. Halsted and 808–810 W. 80th Street in Chicago, Illinois ("the Properties") beginning in 1972. Prior to the demolition of the Properties, Singleton transferred his fee-simple interest to NDAH by quitclaim deed. Defendants demolished the Properties on approximately December 11, 2017.

Charlene Marsh filed this lawsuit on March 6, 2023. (ECF No. 1.) She subsequently amended her complaint on September 12, 2023. (ECF No. 19.) Marsh attempted to file a second amended complaint on October 6, 2024, which the Court struck for failure to comply with Rule 15(a)(2). (ECF Nos. 25, 29.) On August 12, 2024, the Court dismissed Marsh's amended complaint without prejudice due to lack of standing. (ECF No. 44.) Singleton and NDAH (but not Marsh) filed a second amended complaint on September 6, 2024, asserting claims for taking of the Properties without just compensation and due process in violation of the United States Constitution along with several related claims concerning the demolition of the Properties. (ECF No. 46.) On September 20, 2024, Defendants moved to dismiss the second amended complaint on multiple grounds, including that Plaintiffs lacked standing to bring the action. (ECF No. 48.)

**Legal Standard**

Where a defendant moves to dismiss a claim due to a lack of jurisdiction, the court must first address such challenges. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) (finding that when movant sought dismissal under 12(b)(1) and 12(b)(6), it was error for the district court to dismiss under 12(b)(6) without assessing the 12(b)(1) challenge).

In order to bring a suit before a district court, a plaintiff must have standing under Article III of the Constitution, *see* U.S. Const. Art. III, § 2, meaning a direct stake in the outcome of the suit. *Hollingsworth v. Perry*, 570 U.S. 693 (2013). To have standing, a plaintiff must seek relief

for an injury that affects her in a personal and individual way. *Id*. A Rule 12(b)(1) motion is appropriate to seek dismissal for lack of standing—a jurisdictional issue. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 277 (7th Cir. 2020). In general, "plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012) (citations omitted). In adjudicating a motion under Rule 12(b)(1), a court must treat all allegations in the complaint as true. However, a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is given preclusive effect and may not be relitigated subsequently because of the doctrine of issue preclusion. *See Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003).

## Discussion

Because Plaintiffs lack standing to bring this suit, the Court does not reach Defendants' alternative arguments. *Steel*, 523 U.S. at 93. The Court has previously held, and Plaintiffs' response does not undermine, that issue preclusion prevents NDAH from establishing standing in this case. (ECF No. 44 at 6–8 (explaining that NDAH is precluded from establishing standing in this case because the court in *Notre Dame Affordable Hous., Inc. v. City of Chicago*, No. 1:18-CV-8116, 2020 WL 8366412, at *3 (N.D. Ill. Feb. 14, 2020), *aff'd,* 838 F. App'x 188 (7th Cir. 2020) held NDAH lacked standing on similar claims regarding the demolitions of the same Properties).) As such, NDAH lacks standing to bring this case.

This leaves Singleton. While Plaintiffs may be correct that introducing evidence of ownership in property can establish standing, the issue for Singleton is that Plaintiffs have provided no evidence that Singleton owned the Properties at the time of demolition and the allegations in the complaint allege that Singleton conveyed his interest in the Properties to NDAH prior to the demolition. (ECF No. 46 ¶ 23.) This "lack of a property interest renders [Singleton] without

standing." *Notre Dame Affordable Hous., Inc.* 2020 WL 8366412, at *3, *aff'd*, 838 F. App'x 188.

Accordingly, neither Plaintiff has standing to bring this case and the Court must dismiss the second

amended complaint without prejudice.

## Conclusion

Defendants' Motion to Dismiss [48] is granted under Rule 12(b)(1) and the case is

dismissed without prejudice for lack of standing. If Plaintiffs wish to amend their complaint, they

must seek leave from the Court to do so by April 8, 2025. Failure to do so will result in this case

being terminated. Any motion for leave shall explain why it is proper to proceed with Singleton

and NDAH replacing Marsh as Plaintiffs under the local rules and Federal Rules of Civil Procedure

and why amendment would be proper in light of the history of service of process in this case.

 **SO ORDERED.**                                         **ENTERED: March 6, 2025**

_____
 **HON. JORGE ALONSO**
 **United States District Judge**