IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Leory SINGLETON, *et al.*, | |
| Plaintiffs, | No. 23-CV-06104 |
| v. | Honorable Jorge L. Alonso |
| CITY OF CHICAGO, *et al.*, | |
| Defendants. | |

**CITY DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Defendants City of Chicago (the "City"), Judith Frydland, Grant Ullrich, Matthew Beaudet, Bryan Esenberg, Marlene Hopkins, and David Moore (together, "City Defendants")[1] respectfully submit this opposition to Plaintiffs' motion for leave to amend.[2]

This suit, initially brought by Charlene Marsh, asserts claims related to a demolition of a building in 2017. On August 12, 2024, this Court dismissed the case for lack of jurisdiction. It held that Ms. Marsh lacked standing to sue because Judge Norgle's holding in 2020 that Ms. Marsh did not own the property at issue here — a land trust did — precluded relitigating that issue. (ECF No. 44 (the "First MTD Decision").) This Court ordered the dismissal without prejudice and granted Ms. Marsh leave to amend. But Ms. Marsh did not amend. Instead, two entirely new plaintiffs — Leroy Singleton and Notre Dame Affordable Housing ("NDAH") — filed the Second Amended Complaint, and did so without leave of court.

---

[1] As explained in City Defendants' prior motions to dismiss, in the more than two years that this case has been pending since being filed in the Eastern District of New York, no City Defendant has been properly served. (ECF No. 48 at 3–4.)

[2] For reasons of efficiency and to reflect their desire to bring this years-old matter to a conclusion for substantive reasons rather than scheduling disputes, City Defendants withdraw their objection to Plaintiff's motion to belatedly seek leave to amend instanter.

On March 6, 2025, this Court dismissed that complaint as well. It concluded that, like Ms. Marsh, NDAH lacked standing because it did not own the property under the 2020 rulings. And the Court dismissed the case as to Mr. Singleton, because the complaint alleged "no evidence that Singleton owned the Properties at the time of demolition and . . . allege[d] that Singleton conveyed his interest in the Properties to NDAH." (ECF No. 55 (the "Second MTD Decision") at 3–4.) The Court directed that any additional attempt to seek leave to amend should "explain why it is proper to proceed with Singleton and NDAH replacing Marsh as Plaintiffs under the local rules and Federal Rules of Civil Procedure and why amendment would be proper in light of the history of service of process in this case." (*Id.* at 4.)

The Motion does not establish that leave to amend is warranted, and the Proposed Third Amended Complaint ("PTAC") does nothing to cure the deficiencies twice identified by the Court here. The PTAC would be the subject of a third motion to dismiss substantially similar to the prior two that were granted. And the proposed amendments seek to inject new allegations that were available to Plaintiffs the entire pendency of this case, without any explanation as to why they are only being asserted now. The Court should deny the Motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." But "the [Court] need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001) (collecting cases). Amendment is futile "when the new pleading would not survive a motion to dismiss." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014).

I. **Allowing Amendment Would Be Futile.**

The PTAC seeks to add yet another plaintiff to this action and assert new causes of action based on generally the same facts as alleged in the prior complaints here and those alleged in *Notre Dame Affordable Hous., Inc. v. City of Chicago*, No. 1:18-CV-8116, 2020 WL 8366412 (N.D. Ill. Feb. 14, 2020) (the "Prior Action") — all of which have been ruled insufficient to establish standing. (PTAC ¶¶ 7, 61–73.) The new claims include, bafflingly, a claim under the Racketeer Influenced and Corrupt Organizations Act. But the primary factual revision to the complaint is the addition of paragraphs that attempt to allege that Mr. Singleton had good title to the property in 2014, which is when he executed a quitclaim deed conveying his interest to Notre Dame Affordable Housing. (PTAC ¶¶ 51–57.)

There is nothing new here. The amendments do nothing to address the Court's reasons for dismissing claims by NDAH and Mr. Singleton. Indeed, the paragraphs the Court cited in dismissing the complaint in the Second MTD Decision remain unchanged: as to plaintiff NDAH, "issue preclusion prevents [it] from establishing standing in this case." (Second MTD Decision at 3.) And as to Mr. Singleton, the Court found he lacked standing because the allegations admit that he "conveyed his interest in the Properties to NDAH prior to the demolition" in 2017, *id.* — an allegation that remains unchanged in the proposed amended pleading. (PTAC ¶ 24.) And there is no explanation at all of how the new plaintiff is involved in any of this beyond serving as an officer of NDAH. (*Id.* ¶ 7.)

The most charitable reading of the PTAC is that it attempts to argue that Mr. Singleton had an ownership interest in the Subject Property by operation of a land trust when he executed a quitclaim deed purporting to transfer the property to NDAH in 2014, and that he thus conveyed ownership to NDAH at that time. (PTAC Ex. 5.) But that ship has long since sailed: as City Defendants explained in their second motion to dismiss, the proper time to press this argument

3

was before Judge Norgle in 2019, when the City first argued that Mr. Singleton did not have an interest in the property that would transfer ownership. The PTAC offers no reason why the documents now being offered as purportedly showing Mr. Singleton's ownership interest (or a declaration summarizing them, or even allegations regarding them) could not have been presented in the Prior Action — other than possibly some dispute between Plaintiffs and their prior counsel, which would not overcome the preclusive effect of the prior ruling.[3] (Mot. at 6; PTAC ¶ 54); *see Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) ("Only facts arising after the complaint was dismissed—or at least after the final opportunity to present the facts to the court—can operate to defeat the bar of issue preclusion.").

Moreover, even if it were appropriate to revisit this long-settled issue, the new allegations and documents *still* do not establish Mr. Singleton's ownership of the property. The documents confirm that, at least as of 2022, a land trust — not Mr. Singleton or NDAH — "hold[s] record title to certain real estate," and that "the property will still be held in trust" even if the trust were not extended or amended. (Amendment to Trust Agreement dated May 26, 2022, PTAC Ex. 5 at 1–2.) Even if Mr. Singleton had some *beneficial* interest in the Subject Property by being one beneficiary of the land trust, nothing here shows that *ownership* of that property was transferred from the trust to Mr. Singleton at all such that he had an ownership interest to convey to NDAH, much less that he gained one prior to his execution of the quitclaim deed to NDAH. For all these

---

[3] Plaintiffs' statement that City Defendants' arguments as to ownership herein and throughout these cases are a "lie" and a "fabrication . . . advanced upon the Courts," (Mot. at 8), is a serious yet unfounded accusation, blithely levied without any evidentiary support. The claim rings especially hollow considering that the City Defendant's arguments regarding ownership are based on public ownership records and were accepted by Judge Norgle and the Seventh Circuit after being opposed by Plaintiffs (while represented by counsel) in the Prior Action. City Defendants and their counsel reserve all rights regarding Plaintiffs' baseless and improper assertions of fraud and misrepresentation, including those available under Federal Rule of Civil Procedure 11.

reasons, the PTAC would be subject to a motion to dismiss that would be similar in content and result as the prior motions in this case and the Prior Action, and amendment is futile.

And, of course, that only covers the standing issue. Nothing in the PTAC overcomes (or even addresses) the other deficiencies raised in City Defendants' prior motions to dismiss: that years into the pendency of this matter, no party has been served; that claims related to a demolition in 2017 are time-barred; that res judicata bars these claims; and that they fail to state a claim. (City Defendants' Motion to Dismiss, ECF No. 49.) The Motion also entirely ignores the Court's direction to explain "why it is proper to proceed with Singleton and NDAH replacing Marsh as Plaintiffs under the local rules and Federal Rules of Civil Procedure and why amendment would be proper in light of the history of service of process in this case." (Second MTD Decision at 4.) If leave to file the PTAC is granted, it would be the subject of a nearly identical motion to dismiss on all of these grounds as well as the above standing issue that has now resulted in dismissal of multiple complaints by this Court and Judge Norgle and an affirmance by the Seventh Circuit.

## II.   Plaintiffs Unduly Delayed Amending Their Complaint Based On Information Previously Available To Them.

Even if the amendments here addressed the deficiencies identified by City Defendants and the Court (and they do not), raising them at this point constitutes undue delay. When a party seeks to cure deficiencies that could have been previously asserted, leave to amend may be denied "for failing to do so earlier." *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1217 (E.D. Wis. 1993) (collecting cases); *see also Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988) ("[T]he longer the delay, the greater the presumption against granting leave to amend.").

5

Plaintiffs seek to amend the complaint based largely on information regarding purported ownership of the property available to them long before now. Their own testimony as to their purported ownership interest was available from the beginning of the Prior Action in December 2018 but was never raised in that matter. And even the purportedly "new" trust documents attached to the PTAC are dated from 2022, predating this action entirely. (PTAC Ex. 5.) Though these allegations do not overcome the preclusive effect of the prior ruling and do not establish what Plaintiffs argue they do, Plaintiffs make no explanation as to why they could not have been submitted with their original pleading filed in March 2023, in the motion to dismiss briefing that followed, or in response to the opportunity the Court provided them to amend after the first dismissal.

## CONCLUSION

WHEREFORE, City Defendants respectfully request an order denying leave to amend, closing this case, and granting such other relief as is just and proper.

Date:   May 14, 2025                                    Respectfully submitted,

BRADLEY G. WILSON                                       **MARY B. RICHARDSON-LOWRY,**
bradley.wilson@cityofchicago.org                        **Corporation Counsel for**
City of Chicago Department of Law                       **  the City of Chicago**
Constitutional and Commercial
  Litigation Division                                   By:     /s/ *Bradley G. Wilson*
2 North LaSalle Street, Suite 520                               Bradley G. Wilson
Chicago, Illinois 60602                                         Senior Counsel
(312) 744-0220                                                  City of Chicago Department of Law

*Attorneys for City Defendants*